**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-20446-KMM

JULIO RODRIGUEZ,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the Court upon Plaintiff Julio Rodriguez's Unopposed Petition for Attorney Fees (ECF No. 20). The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law with respect to Plaintiff's Motion (ECF No. 21).

    **I.**    **BACKGROUND**

Plaintiff is the prevailing party in this appeal of the denial of his Social Security benefits. The government, having moved to remand the case under 42 U.S.C. § 405(g), warranted that upon remand the Appeals Council would direct the Administrative Law Judge ("ALJ") to offer Plaintiff the opportunity for a new hearing, further evaluate opinion evidence, obtain supplemental evidence from a Vocational Expert ("VE"), and issue a new decision. (ECF No. 18-1). The district court

granted the motion to remand, reversing the decision of the Commissioner and remanding the matter for further proceedings as described. (ECF No. 19).

On October 24, 2022, Plaintiff filed the instant Motion for the award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), requesting attorney fees in the amount of $2,939.92. According to the Petition, the Commissioner does not oppose the EAJA fee request totaling $2,939.92 for 12.7 hours of time. (ECF No. 20 at 3).

II.     DISCUSSION

In relevant part, the Act states the following:

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985). Here, Plaintiff asserts, and Defendant does not dispute, that he is the prevailing party and that Defendant's position was not substantially justified (ECF No. 20 at 1). The only remaining question is whether Plaintiff's requested attorney fees are reasonable.

Attorney's fees requested pursuant to the EAJA must be reasonable and based upon prevailing market rates; and shall not exceed a rate of $125.00 per hour unless the court determines that an increase in the cost of living after March 1996 or a special factor, such as the limited availability of attorneys for the proceedings justifies a higher fee.[1] 28 U.S.C. § 2412(d)(2)(A); *see also Holsey v. Comm'r of Soc. Sec. Admin.*, No. 3:14-CV-938-J-PDB, 2015 WL 8479301, at *2 (M.D. Fla. Dec. 10, 2015). In awarding fees under the EAJA, the court is afforded great discretion.

---

[1] The March 1996 date is used because that is when the EAJA's statutory cap was increased from $75 to $125. *See Goodman v. Comm'r of Soc. Admin.*, No. 3:17-CV-1127-J-PDB, 2019 WL 1763205, at *2 (M.D. Fla. Apr. 22, 2019).

*See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (recognizing that the reasonableness of attorney's fees requested under the EAJA is within the district judge's discretion). To reach the appropriate upward adjustments, courts in this Circuit employ the Bureau of Labor Statistics Consumer Price Index for All Urban Consumers as the appropriate index for determining EAJA costs of living adjustments.[2] *Brungardt v. Comm'r of Soc. Sec.*, 234 F. App'x 889, 890 (11th Cir. 2007).

Plaintiff seeks $2,939.92 in attorney fees, reflecting 12.7 hours expended by his attorney at a rate of $231.49 per hour for legal services provided in calendar year 2022. *Id.* Plaintiff includes an accompanying itemization of hours explaining the nature of his attorney's work on Plaintiff's behalf (ECF No. 20-2). Though the EAJA sets a ceiling of $125.00 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Given that Defendant does not oppose this upward adjustment, and having reviewed counsel's cost of living calculations (ECF No. 20-1), the undersigned finds that Plaintiff's request for an upward adjustment to counsel's hourly rate for the year 2022 reasonable. *See Washington v. Astrue*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (accepting upward adjustment of statutory billing rate where government did not object).

Accordingly, having reviewed Plaintiff's counsel's itemized time entries, experience, and reputation (ECF Nos. 20, 20-1, 20-2, 20-3), the undersigned finds Plaintiff's request for attorney fees to be reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for

---

[2] The Change in the Cost-of-Living ("CCL") is calculated by taking the Annual CPI rate for the year in which the legal services were rendered and subtracting from it the March 1996 rate (which is 155.7) and dividing the difference by the March 1996 rate. *See Sensat v. Berryhill*, No. 15-24727-CIV, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018). The CCL is then multiplied and added to the statutory rate of $125.00 to find the adjusted hourly rate. *Id.* The data used for calculation are available at http://data.bls.gov/cgi-bin/surveymost?bls.

similar services by lawyers of reasonably comparable skills, experience, and reputation.") (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)); *see also Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988) (stating that a prevailing party is likewise entitled to attorney's fees for work done on appeal, provided the party also prevailed on appeal), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990); *Stokes v. Saul*, 20-CV-61485, 2021 WL 3019496, at *1 (S.D. Fla. July 7, 2021) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (same); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

### III. RECOMMENDATIONS

For the foregoing reasons, I recommend that Plaintiff's Unopposed Petition for Attorney Fees (ECF No. 20) be **GRANTED,** and that Plaintiff be awarded a total of $2,939.92 in attorney fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade*

*Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 30th day of December, 2022.

_____
**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**

cc:    The Honorable K. Michael Moore
        Counsel of Record